UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 16-mj-03393-AOR

UNITED STATES OF AMERICA

v.

**OSVALDO ORTIZ-TAMAYO,**
    a/k/a "Meke,"

    **Defendant.**

_____/

**CRIMINAL COMPLAINT COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                                                Respectfully submitted,

                                                WIFREDO A. FERRER
                                                UNITED STATES ATTORNEY

BY: _____
                                                DANIEL CERVANTES
                                                Florida Bar No. 40836
                                                99 N. E. 4th Street
                                                Miami, Florida 33132-2111
                                                TEL (305) 961-9031
                                                FAX (305) 530-7976
                                                daniel.cervantes@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 16-mj-03393-AOR |
| OSVALDO ORTIZ-TAMAYO, | ) |
| a/k/a "Meke," | ) |
|  | ) |
| *Defendant(s)* |  |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 29, 2016, and Sept. 1, 2016 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) | Possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:
Please see attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Clifford Stephens, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/13/16

*Judge's signature*

City and state: Miami, Florida

Hon. Alicia M. Otazo-Reyes, U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, Clifford Stephens, being duly sworn, do hereby depose and state as follows:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code. That is, I am an officer of the United States, who is empowered by law to conduct investigations of and make arrests for violations of Title 21 of the United States Code.

2. I am a Special Agent of the United States Drug Enforcement Administration (hereinafter "DEA"), assigned to the Miami Field Division. I have been a Special Agent with DEA and assigned to the Miami Field Division for approximately six years. Prior to joining the DEA, I spent approximately three years as a police officer for the City of West Palm Beach Police Department in West Palm Beach, Florida.

3. I am currently assigned to the DEA Group 15 Drug Enforcement Group. As part of my duties and responsibilities, I have focused on investigations involving narcotics trafficking and money laundering. I have received specialized training on narcotics trafficking and money laundering and have participated in investigations concerning the possession, manufacture, distribution, and importation of controlled substances. During these investigations, I have conducted physical and electronic surveillance and have reviewed numerous taped conversations and records of drug traffickers. I have also worked with and interviewed several confidential sources working with the DEA.

4. This affidavit is submitted in support of a criminal complaint against OSVALDO ORTIZ-TAMAYO, a/k/a "Meke" (herein after referred to as "ORTIZ" or "MEKE"). I respectfully submit that there is probable cause to believe that on or about August 29, 2016, and September 1, 2016, in Miami-Dade County, in the Southern District of Florida, ORTIZ did knowingly and

intentionally possess with intent to distribute a controlled substance, that is, black tar heroin, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(i).

5. The facts and circumstances contained herein have become known to me in the course of my official duties based on my personal knowledge, as well as facts related to me by other law enforcement officials and non-law enforcement sources active in this investigation. This affidavit is provided for the limited purpose of establishing probable cause and, therefore, does not contain all the facts known to me about this investigation.

## PROBABLE CAUSE

6. In August 2016, law enforcement received information from a confidential source ("CS") regarding an individual known only to the CS as "MEKE" (later identified by law enforcement as ORTIZ). The CS informed law enforcement officers that "MEKE" offered to sell multiple ounces of black tar heroin for $1,000 per ounce.

7. On August 29, 2016, the CS received several phone calls from ORTIZ during which ORTIZ requested to meet with the CS is person. On this same date, under the direction of law enforcement, the CS met with ORTIZ at Westland Mall located at 1675 W. 49th Street, Hialeah, Florida ("Westland Mall"), and received a sample of black tar heroin weighing approximately one (1) gram. After obtaining the sample, the CS met with law enforcement and relinquished the sample. The DEA lab performed a chemical analysis of the sample and confirmed the presence of heroin.

8. On September 1, 2016, under the direction of law enforcement, the CS met with ORTIZ at Westland Mall. The meeting was surveilled by law enforcement officers. The CS was provided with official funds for the transaction. During the meeting, ORTIZ sold the CS two ounces of black tar heroin for $2,000. Additionally, ORTIZ advanced, or fronted, an additional

three ounces of black tar heroin for $200. In total, the CS provided ORTIZ with $2,200 in exchange for a plastic bag containing five ounces of black tar heroin. Pursuant to ORTIZ's agreement, the CS owed ORTIZ $3,000 for the three ounces that ORTIZ fronted.

9. After the CS left the meeting, he immediately met with law enforcement and relinquished the plastic bag containing the black tar heroin to law enforcement. The CS was searched for contraband both before and after the meeting with ORTIZ. Other than the five ounces of black tar heroin that the CS relinquished to law enforcement, no contraband was found. On or about September 14, 2016, the DEA lab performed a chemical analysis of the narcotics purchased from ORTIZ and confirmed that the narcotics contained the presence of heroin and weighed approximately 120 grams.

10. On September 16, 2016, under the direction of law enforcement, the CS met with ORTIZ at Westland Mall. Again, law enforcement surveilled the meeting. During this meeting, the CS gave $3,000, provided by law enforcement, to ORTIZ as the final payment for the purchase of five ounces of black tar heroin that ORTIZ gave the CS on September 1, 2016.

11. On October 12, 2016, under the direction of law enforcement, the CS placed several recorded phone calls to ORTIZ to arrange a time and meet location for the purchase of 16 ounces of black tar heroin. ORTIZ asked the CS to meet him at his (Ortiz's) residence, located at 15385 SW 76th Terrace, Miami, Florida. The CS drove to ORTIZ's residence while under surveillance by law enforcement. Upon arrival, ORTIZ entered the CS's vehicle and told the CS that the product was at a friend's house. ORTIZ then asked the CS for the money for the for the black tar heroin. After ORTIZ refused to provide the heroin, law enforcement arrested ORTIZ.

12. In an audio and video recorded post-*Miranda* statement, ORTIZ admitted to selling the CS five ounces of black tar heroin. ORTIZ further stated that he did not have the 16 ounces of black tar heroin that he promised the CS.

13. Based on the information contained in this affidavit, I respectfully submit that there is probable cause to believe that on August 29, 2016, and September 1, 2016, in Miami-Dade County, in the Southern District of Florida, ORTIZ did knowingly and intentionally possess with intent to distribute a controlled substance, that is, black tar heroin, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(i).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
CLIFFORD STEPHENS
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me,
this /3th day of October 2016.

_____
HONORABLE ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE